UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

August 23, 2024

LETTER TO ALL COUNSEL OF RECORD

Re: *Timothy P. v. Martin O'Malley, Commissioner, Social Security Administration*
Civil No. 23-2197-CDA

Dear Counsel:

On August 11, 2023, Plaintiff petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny his claims for benefits. ECF 1. This case was then referred to a magistrate judge with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). The Court has considered the record in this case (ECF 13) and the parties' briefs (ECFs 20, 23, 25, 28). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). For the reasons explained below, the Court will REVERSE the SSA's decision and REMAND the case to the SSA for further consideration.

## I.  PROCEDURAL BACKGROUND

Plaintiff protectively applied for disability insurance benefits on August 17, 2020. Tr. 24. He applied for supplemental security income on August 25, 2020. *Id.* Plaintiff alleges disability as of March 21, 2020. *Id.* His claims were denied initially and on reconsideration. *Id.* On September 14, 2022, an administrative law judge ("ALJ") held a hearing. *Id.* On November 23, 2022, the ALJ determined that Plaintiff was not disabled during the relevant time frame. Tr. 21–41. The Appeals Council denied a request for review, Tr. 8–13, so the ALJ's decision is subject to judicial review, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.  THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The SSA evaluates disability claims using a five-step process. *See* 20 C.F.R. §§ 404.1520, 416.920. Under this process, an ALJ determines whether a claimant: "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).

Here, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset of his disability. Tr. 26. The ALJ found that Plaintiff has the following severe impairments: "Upper Extremity Fractures (Right Wrist and Left Pinky), Depression, Anxiety and Learning Disorder (Impairment in Reading/Written Expression)." Tr. 27. The ALJ also determined that, insofar as Plaintiff's "dysfunction of the major joints," "hernia," and "substance addiction disorders" are medically determinable, they are not severe. *Id.* The ALJ found that Plaintiff has no impairments that meet or equal the severity of a listed impairment. *Id.* The ALJ found that Plaintiff has the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except [he is] occasionally able to climb ramps or stairs; occasionally able to climb ladders, ropes or scaffolds; frequently able to balance, stoop or crouch; occasionally able to kneel or crawl; limited to frequent use of the right upper extremity for pushing/pulling or operation of hand controls; limited to frequent use of the left upper extremity for fine fingering or grasping/handling of small objects; avoid work at unprotected heights; able to understand and carry out simple instructions and routine, repetitive tasks; avoid work requiring a high-quota production-rate pace (i.e., rapid assembly line work where co-workers are side-by-side and the work of one affects the work of the others); able to perform work activities for up to 2 hours at a time but would then become distracted, causing the individual to be off task; however, time off task can be accommodated with normal breaks; occasionally able to change activities or work settings during the workday without being disruptive; occasionally able to deal with changes in a routine work setting and able to have frequent interaction with co-workers and/or the general public.

Tr. 29. At steps four and five, the ALJ found that Plaintiff is unable to perform any past relevant work but can perform other jobs that exist in significant numbers in the national economy. Tr. 32–33. The ALJ concluded that Plaintiff was not disabled. Tr. 34.

### III.   LEGAL STANDARD

The Court's review is limited to determining whether substantial evidence supports the ALJ's findings and whether the ALJ applied the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). The ALJ's findings are conclusive if supported by "substantial evidence," 42 U.S.C. § 405(g), which is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion," *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla" and "somewhat less than a preponderance." *Id.*

### IV.   ANALYSIS

Plaintiff raises the following arguments: (1) that the ALJ erred in evaluating medical and vocational evidence; (2) that the ALJ erred at step three; (3) that the ALJ erroneously assessed Plaintiff's RFC; and (4) that the ALJ's assessment of Plaintiff's credibility and limitations contravened multiple Social Security Rulings ("SSRs"). ECF 23, at 1. Defendant counters that: (1) substantial evidence supports the ALJ's findings at steps two, three, and five; (2) substantial

evidence supports the ALJ's RFC assessment; and (3) the ALJ appropriately considered Plaintiff's subjective complaints and allegations regarding cane use. ECF 25, at 5–23.

Having reviewed the record, the Court agrees with Plaintiff that the ALJ erred in assessing Plaintiff's RFC. Pursuant to SSR 96-8p, an ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). "If the RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted." *Id.*

Here, Dr. Aroon Suansilppongse opined that Plaintiff's "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods" is moderately limited. Tr. 129, 154. The ALJ found this opinion persuasive. Tr. 32. However, the ALJ also concluded that Plaintiff is "able to perform work activities for up to 2 hours at a time but would then become distracted, causing the individual to be off task; however, time off task can be accommodated with normal breaks[.]" Tr. 29. In contravention of SSR 96-8p, the ALJ provided no explanation for the conflict between Dr. Suansilppongse's persuasive opinion and Plaintiff's RFC. *See* SSR 96-8p, 1996 WL 374184, at *7. For example, as written, the Court cannot reconcile the medical opinion discussing the ability to complete a workday without "an unreasonable number and length of rest periods" with the assertion than any distractions can be addressed by "normal breaks."

The Court cannot conclude that this error was harmless. At the hearing, a vocational expert testified that, "[i]f an individual were to be off-task 15 percent of the day or more, such an individual could not maintain competitive employment." Tr. 71. Given this testimony, an analysis that properly accounts for Dr. Suansilppongse's opinion may produce an RFC that precludes Plaintiff from performing jobs existing in the national economy. The Court must therefore remand this case to ensure that Plaintiff's RFC is assessed in accordance with SSA policy.

Because the error discussed above is sufficient grounds for remand, the Court does not reach the remainder of Plaintiff's arguments. The Court expresses no opinion on the ultimate merits of Plaintiff's applications for benefits.

*Timothy P. v. O'Malley*
Civil No. 23-2197-CDA
August 23, 2024
Page 4

## V. CONCLUSION

For the reasons set forth herein, the SSA's judgment is REVERSED due to inadequate analysis pursuant to sentence four of 42 U.S.C. § 405(g). The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge